UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:  
　　　　　　　　　　　　　　　　　　　　　　　CHAPTER 13  
　　　　　　　　　　　　　　　　　　　　　　　CASE:  13-15032-MER  
MATTHEW DEWITT WINELAND  
DANNA LEE WINELAND  

　　　　DEBTOR(s).

---

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

---

　　　　The Standing Chapter 13 Trustee hereby files her Objection to Confirmation of Chapter 13 Plan and as grounds therefore states as follows:

　　　　1.　　Debtors' plan fails to fully provide for the priority claim of the IRS.  11 U.S.C. §§ 507(a)(8), 1322(a)(2), 1325(a)(1).

　　　　2.　　The Trustee cannot determine if Debtors' plan fully provides for the priority claim of the Colorado Department of Revenue.  11 U.S.C. §§ 507(a)(8), 1322(a)(2), 1325(a)(1).  The Colorado Department of Revenue's proof of claim shows that Debtors have not filed their 2012 Colorado state income tax return.  Debtors need to file this return and fully provide for the priority tax or include the refund in the Chapter 7 Reconciliation.

　　　　3.　　Debtors' plan fails to provide for the minimum distribution to Class 4 claims as required by Form B22C.  11 U.S.C. § 1325(b)(3).  The Trustee submits that the following entries on Form B22C should be adjusted as follows:

Line 2A should be $5,833.33 Debtor Husband's current monthly gross income;  
Line 30 should be $1,614.32 the actual amount needed for withholding taxes with the change to Line 2A;  
Line 39a should be $168.59 based on Debtor Wife's pay advices;  
Line 39c should be -0- based on Debtor wife's pay advices;  
Line 57a should be -0-;  
Line 57b should be -0- as Line 2A is already adjusted above; and  
Line 57c should be -0- unless documented and explained.

With this change, Line 59 of Form B22C would show monthly disposable income of $828.89.  Thus, Debtor's plan should provide for Class 4 claims to be paid a minimum of $45,202.40 (($828.89 multiplied by 60 months) minus $4,531.00 of unpaid attorney fees and costs).  Debtor's plan proposes to pay Class 4 claims only $9,921.00.

4. The Trustee reserves the right to report on the Debtor(s) payment history at the hearing on her Objection.

WHEREFORE, the Standing Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. Section 1307.

May 9, 2013

Respectfully submitted,

/s/ William R. Lambert
William R. Lambert #18882
Attorney for Chapter 13 Trustee
P.O. Box 1169
Denver, CO 80201
(303) 830-1971
(303) 830-1973 Fax

CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Objection to Confirmation of Chapter 13 Plan was placed in the U.S. Mail, postage prepaid, on     May 9, 2013    addressed as follows:

Matthew DeWitt Wineland and Danna Lee Wineland
4045 Vanderfoof
Bennett, CO  80102

Jesse Aschenberg
4610 S. Ulster St.
Ste. 150
Denver, CO  80237

/s/    William R. Lambert
Chapter 13 Trustee Staff Member